UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GHESAL KABIR, et al., | No. 2:22-cv-1855-DJC-SCR |
| Plaintiffs, | |
| v. | **ORDER** |
| CRYSTEL MOCEK, | |
| Defendant. | |

Plaintiffs Faryal Kabir and Ghesal Kabir filed this action against Defendant Crystel Mocek based on allegations that Defendant Mocek violated Plaintiffs' constitutional rights in the seizure and euthanasia of "Zeus", Plaintiffs' dog.[1] Defendant Mocek has moved to dismiss the First Amended Complaint ("FAC") because, *inter alia*, that it fails to state a plausible claim for relief. (Mot. to Dismiss (ECF No. 21).) Also pending is Plaintiffs' Motion for Summary Judgment. (ECF No. 34.)

////

////

---

[1] Plaintiffs have filed a separate action against the City of Elk Grove and mayor Bobbie Singh-Allen. *Singh v. Mocek*, 2:22-cv-01855-DJC-SCR. This Order does not address any pending Motions in that action.

1

For the reasons stated below, the Court grants Defendant's Motion to Dismiss and denies Plaintiffs' Motion for Summary Judgment as moot. Plaintiffs shall be given leave to file an amended complaint.

**BACKGROUND**

The allegations in this case mirror those in the related action. In fact, Plaintiffs expressly state that the factual recitation in the FAC is copied from District Judge Troy L. Nunley's prior order in the related action. (*See* FAC at 3.) As a result, the Court need not repeat in full the factual allegations at issue in either case.

Unlike the related action, this case focuses on Defendant Crystel Mocek who Plaintiffs allege is employed by the City of Elk Grove as an Animal Control Officer. (FAC ¶ 2.) Plaintiffs claim that Defendant Mocek was present at the seizure of Zeus on July 15, 2022, and that at that time Defendant Mocek declared Plaintiff Faryal Kabir had failed to comply with the requirements imposed as a result of the City's designation of Zeus as a dangerous animal. (*Id.* ¶ 8.) Plaintiffs claim that Defendant Mocek improperly declared Plaintiff Faryal Kabir's non-compliance as the deadline had not yet passed. (*Id.*)

Defendants have moved to dismiss the FAC on several grounds including that it fails to satisfy the pleadings standards under Federal Rule of Civil Procedure 8, that Plaintiffs have failed to allege that Defendant Mocek was acting under color of state law, and that Plaintiffs have failed to identify a constitutional or statutory right that was violated by Defendant Mocek's actions. This Motion is fully briefed. (Mot. to Dismiss; Opp'n (ECF No. 30); Reply (ECF No. 35.) The Motion to Dismiss was filed on November 21, 2022. (*See* ECF No. 21.) Shortly after that motion was filed and before briefing was even completed, Plaintiffs filed a Motion for Partial Summary Judgment on December 5, 2022. (ECF No. 34.) This Motion is also pending.

////
////
////

**MOTION TO DISMISS**

I.   **Legal Standard**

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The Court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City and Cnty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (quoting *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)). If the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. In the same vein, conclusory or formulaic recitations of elements do not alone suffice. *Id*. (citing *Twombly*, 550 U.S. at 555). This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense." *Id*. at 679.

////
////
////
////
////
////
////

3

## II. Discussion[2]

### A. Color of State Law

Defendant contends that the allegations in the FAC cannot state a claim under section 1983 as the allegations establish that Defendant Mocek was not acting under color of state law. The FAC is clear that Plaintiffs believe that Defendant Mocek was acting in an individual capacity, not as an employee. (FAC ¶ 5.) Plaintiffs repeatedly allege that Defendant Mocek's actions were "a frolic and detour" from official duty. (*See, e.g.*, *id*. ¶¶ 5, 23–24.) But these allegations are not inherently inconsistent with a claim that Defendant Mocek acted under color of state law.

For claims under section 1983, a defendant acts under color of state law when they "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (internal citations and quotations omitted). There is no "rigid formula" for determining whether a local law official acts under color of state law. *Anderson v. Warner*, 451 F.3d 1063, 1068 (9th Cir. 2006). Instead, it is an inherently fact-bound inquiry that requires "sifting facts and weighing circumstances . . . ." *Pasadena Republican Club v. W. Just. Ctr.*, 985 F.3d 1161, 1167 (9th Cir. 2021).

Plaintiffs' allegations that Defendant Mocek was acting beyond the bounds of her official duties on July 15, 2022, is not determinative as to whether Defendant Mocek was clothed with the authority of state law in taking those actions. In many cases, state and municipal officers sued under section 1983 take actions that might be contrary to their employer's policy or outside of approved actions. This alone is not dispositive to whether those officers were acting under color of state law. Certainly, if

---

[2] Defendant Mocek also requests dismissal on Plaintiff's failure to comply with pleading standards under Rule 8 of the Federal Rules of Civil Procedure. While Plaintiff correctly notes that several of the factual allegations in the FAC are conclusory in nature, given the other defects in the Complaint the Court will not dismiss Plaintiffs' FAC on this basis. Plaintiffs are cautioned that in any amended complaint, their allegations must comply with the requirements of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (holding that plaintiffs must plausibly state a cause of action and that threadbare or conclusory allegations are insufficient).

4

Defendant Mocek's actions constated a frolic and detour this would be <u>relevant</u> to whether Defendant Mocek was acting under color of state law.  But this is simply part of the larger factual inquiry and weighing of circumstances to determine Defendant Mocek was acting under color of state law.

Defendant's Reply cites the Magistrate Judge Stanley A. Boone's decision in *Sanchez v. California*, 90 F. Supp. 3d 1036 (E.D. Cal. 2015), for the proposition that a defendant engaged in a "personal frolic" is not acting under color of state law. Though both Plaintiffs' allegations and *Sanchez* describe a defendant engaged in a "frolic" there are notable distinctions between these cases.  As an initial but significant point, Judge Boone's decision was made at the summary judgment stage where it would be more appropriate for the Court to engage in the "sifting facts and weighing circumstances" that this determination requires.  *See Pasadena Republican Club*, 985 F.3d at 1167.  Moreover, while the actions of the defendants in *Sanchez* and Defendant Mocek are both categorized as a "frolic", the facts of the two cases substantially diverge from that point.  In *Sanchez*, defendant Smyth, a California corrections officer, engaged in "private acts of sexual harassment" over the course of a year against plaintiff Sanchez, also a California corrections officer.  *See* 90 F. Supp. 3d at 1043–45, 1066.  Judge Boone found that Smyth's <u>sole</u> intent was to torment Sanchez, and that Smyth was not purporting to act under the state's authority when he sexually harassed Sanchez. *Id.* at 1066.

By comparison, while Plaintiffs certainly allege that Defendant Mocek was engaged in a "frolic and detour" on July 15, 2022, based solely on the allegations in the FAC, it is impossible to determine whether Defendant Mocek's sole intent was a personal frolic or whether Defendant Mocek did not purport to act with the authority of the state.  In fact, many of the allegations suggest that Defendant Mocek was in fact purporting to act with authority invested in him by the City.  Regardless of the propriety of Defendant's actions, as alleged they were clearly connected to her

////

employment as an Animal Control Officer. It is thus not apparent from the allegations in the FAC that Defendant Mocek was not acting under color of state law.

Accordingly, Defendant's Motion on this basis is denied. However, should this case proceed past the pleading stage Defendant may renew this argument at a later stage.

### B. Deprivation of a Constitutional or Federal Statutory Right

The FAC presently fails to identify the specific constitutional right or statutory provision violated by Defendant Mocek's actions. The first of the two causes of action in the FAC is entitled "First Cause of Action for Wrongful Death to Intentionally Inflict Emotional Distress 42 USC § 1983." (FAC at 12.) Nowhere in this section do Plaintiffs identify or even suggest the constitutional or statutory violation alleged. (*See id.* ¶¶ 28–39.) The title of the cause of action suggests that this claim is predicated on wrongful death and/or intentional infliction of emotional distress and is not actually a claim brought under section 1983. The text of the First Cause of Action further confirms that this seems to be a standard intentional infliction of emotional distress claim; Plaintiffs conclude this cause of action by stating:

> WHEREFORE, Plaintiffs pray for judgment against MOCEK for intentional infliction of emotional distress, against CRYSTEL MOCEK, in her own name and as an individual on a frolic and detour, and in an amount of not less than $10million [sic].

(FAC ¶ 39.) Intentional infliction of emotional distress and wrongful death are not themselves constitutional or statutory rights that give rise to a claim under section 1983.[3] *See Est. of Lopez ex rel. Lopez v. Torres*, 105 F. Supp. 3d 1148, 1058–59 (S.D. Cal. 2015) (wrongful death is not a federal cause of action under section 1983).

---

[3] The Court does not address the viability or merits of any intentional infliction of emotional distress or wrongful death claim. Plaintiffs filed in this Court on the basis of federal question jurisdiction. (FAC ¶ 7.) Absent a viable federal cause of action, this case may be dismissed for lack of subject matter jurisdiction. As such, the Court need not determine the sufficiency of any state law cause of action until Plaintiffs state a claim which raises a federal question or otherwise grants this court jurisdiction.

An identifiable constitutional or statutory right cannot be found elsewhere in the FAC. Plaintiffs' Second Cause of Action requests "declaratory judgement establishing that [Defendant Mocek] violated" various state code sections (*id.* ¶¶ 40-42) and federal statutes (*id.* ¶¶ 43-45). But at no point do Plaintiffs identify a constitutional or statutory right they possessed that was violated by Defendant Mocek.[4] It is also not apparent elsewhere in the FAC what constitutional or statutory rights Plaintiffs alleged Defendant Mocek violated. Thus, the FAC fails to state a claim under section 1983.

In their Opposition, Plaintiffs argue the FAC alleges a deprivation of constitutional rights and cite a sentence contained in the fact section of the FAC. (Opp'n at 8.) The referenced sentence has absolutely no relevance to the present action. Plaintiffs were exceedingly clear that in drafting the FAC, they copied the "Factual and Procedural Background" from an order issued by Judge Nunley in the related action. (FAC at 3 ("The following facts are taken from the following source as they are accurate: *Kabir v. City of Elk Grove* United States District Court for the Eastern District of California September 28, 2022, Decided; September 28, 2022, Filed No. 2:22 [sic] [.]"); Opp'n at 8 ("As prefaced on FAC p.3, the facts were taken directly from this Court's order dated 9/28/22 in the related case[.]"). Plaintiffs' copying of the prior order was wholesale, without many apparent alterations beyond the removal of footnotes.

Plaintiffs now cite a sentence from this copied section and suggest that it identifies specific constitutional rights that were violated. In fact, this portion of the fact section is Judge Nunley's summary of Plaintiffs' claims against the City of Elk Grove and the mayor in the related action. (FAC at 6-7.) Plaintiffs cite this sentence,

---

[4] Plaintiffs' citations to federal law in their declaratory relief cause of action are to criminal statutes that do not provide Plaintiff with a statutory right or a distinct cause of action. *See Diamond v. Charles*, 476 U.S. 54, 64-65 (1986); *see also Bratset v. Davis Joint Unified Sch. Dist.*, No. 2:16-cv-0035-GEB-DB, 2017 WL 6484308, at *4 (E.D. Cal. Dec. 19, 2017), report and recommendation adopted, 2018 WL 684845 (E.D. Cal. Feb. 2, 2018) (noting that 18 U.S.C. § 1519 is a federal criminal statute that does not provide a private right of action).

7

despite the fact that Judge Nunley's summary of the claims in a <u>separate</u> case against <u>different</u> defendants. (Opp'n at 8.) In full, the cited sentence copied to the FAC from Judge Nunley's prior order says:

> The FAC alleges six causes of action: (1) 42 U.S.C. § 1983 for Fourth, Fifth, and Fourteenth Amendment violations; (2) 42 U.S.C. § 1983 for procedural due process violations; (3) a constitutional challenge to portions of the EGMC regulating dangerous animals; (4) a due process claim concerning the burden of proof; (5) declaratory relief; and (6) violation of the Article XI, Section 7 of the California Constitution. ([ECF No. 11])

(*Id.*) This list of six causes of action against the City of Elk Grove and its Mayor has no relevance to the two causes of action brought against the individual Animal Control Officer in this case. Plaintiffs assertion that they have identified constitutional violations based on their inclusion of a summary of claims from a separate action is without any merit.

Accordingly, Plaintiffs' claims under section 1983 must be dismissed.[5] Plaintiffs will be granted leave to amend.

**C. Declaratory Relief**

Plaintiffs' Second Cause of Action is for "Declaratory Relief." (FAC at 14.) Declaratory relief is not a cause of action but a remedy. *County of Santa Clara v. Trump*, 267 F. Supp. 3d 1201, 1215–16 (N.D. Cal. 2017) (declaratory relief under Federal law); *A.B. Concrete Coating Inc. v. Wells Fargo Bank, Nat'l Ass'n*, 491 F. Supp. 3d 727, 736 (E.D. Cal. 2020) (declaratory relief under California law). Thus, given the failure to state a claim discussed above, the Court also grants Defendant's Motion as to this claim. Plaintiff's Second Cause of Action for declaratory relief is also dismissed with leave to amend.

////

---

[5] As it is unnecessary to do so, the Court does not address Defendant's qualified immunity arguments at this time.

### MOTION FOR PARTIAL SUMMARY JUDGMENT

Also pending is Plaintiffs' Motion for Partial Summary Judgment. (ECF No. 34.) Plaintiff filed this Motion fourteen days after Defendant filed the above Motion to Dismiss before briefing of that motion was complete or the court rendered a decision. In light of the Court's determination above that Defendant's Motion to Dismiss should be granted, Plaintiffs' Motion for Partial Summary Judgment (ECF No. 34) is denied as moot.

### CONCLUSION

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Defendant's Motion to Dismiss (ECF No. 21) is GRANTED IN PART and DENIED IN PART as stated above;
2. Plaintiffs' First Amended Complaint (ECF No. 17) is dismissed with leave to amend;
3. Within fourteen days of this order, the parties are ordered to show cause why this action and the related action, 2:22-cv-01661-DJC-JDP, should not be consolidated into a single case and why the stay of 2:22-cv-01661-DJC-JDP should not be lifted;
4. Plaintiffs shall file an amended complaint fourteen days after the Court issues an order addressing the issues of consolidation and the stay; and
5. Plaintiffs' Motion for Partial Summary Judgment (ECF No. 34) is DENIED as moot.

IT IS SO ORDERED.

Dated: **June 26, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC1 – kabir22cv01855.MTD